UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| REX CROW,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>TRAVELERS INDEMNITY COMPANY, and CHARTER OAK FIRE INSURANCE COMPANY,<br><br>　　　　　　Defendants. | CIV. 20-5015-JLV<br><br>ORDER |

**INTRODUCTION**

Defendant Travelers Indemnity Company moves to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6).  (Docket 7).  Plaintiff opposes defendant's motion.  (Docket 12).  For the reasons stated below, defendant's motion is granted.

**ANALYSIS**

Plaintiff Rex Crow filed a multi-count complaint against the defendants. (Docket 1).  Count I alleges the defendants are liable for bad faith and unfair and deceptive practices relating to plaintiff's worker's compensation claim.  Id. at pp. 3-5.  Count II alleges defendants' conduct was the result of and caused plaintiff intentional infliction of emotional distress.  Id. at p. 5.  Count III alleges that by the defendants' delay in paying worker's compensation benefits to plaintiff, the defendants converted funds in which plaintiff had a superior interest.  Id. at pp. 5-6.  Count IV alleges defendants engaged in unfair and

deceptive trade practices in violation of S.D.C.L. § 58-33-7.  Id. at p. 6.  Count V alleges plaintiff is entitled to attorney's fees incurred to secure defendants' payment of plaintiff's "underinsured motorist claim."  Id. at pp. 6-7.  Count VI alleges plaintiff is entitled to punitive damages for defendants' conduct.  Id. at p. 7.

Defendant Travelers Indemnity Company ("Travelers Indemnity") filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6).  (Docket 7).  Defendant asserts "[no] claim exists against Travelers Indemnity Company and it is entitled to judgment as a matter of law."  Id.

Travelers Indemnity first asserts plaintiff fails to properly identify the defendants as "The Travelers Indemnity Company" and "The Charter Oak Fire Insurance Company."  (Docket 8 at p. 1) (emphasis added).  See also Dockets 5 and 10 ¶¶ 2 & 3.  The affidavit of Wendy Skjerven, corporate secretary of both Travelers Indemnity and Charter Oak, indicates without "The" neither of the named defendants is "a legal entity."  Docket 10 ¶¶ 2 & 3.  Travelers Indemnity does not argue these errors invalidate plaintiff's complaint or whether the errors can be corrected pursuant to Fed. R. Civ. P. 15(a) & (c).  See Docket 8.

Plaintiff's response does not address the error in properly naming the defendants.  See Docket 12.  Part of the confusion may exist, however, because of the answer filed by Defendant Charter Oak Fire Insurance Company ("Charter Oak").  (Docket 6).  In its answer, Charter Oak, which is represented by the

same attorney as Travelers Indemnity, "admits paragraphs 2 and 3 of plaintiff's complaint."  Id. ¶ 4.  Those paragraphs of plaintiff's complaint state:

> 2. Defendant, Traveler's Indemnity Company is incorporated, or has its principal place of business in a state other than South Dakota.
>
> 3. Defendant, Charter Oak Fire Insurance Company, is a wholly owned subsidiary of Traveler's Indemnity Company.

(Docket 1 ¶¶ 2 & 3).  While represented by a different attorney, Charter Oak permitted a similar error to occur in the settlement agreement and release with Mr. Crow in the worker's compensation case before the South Dakota Department of Labor and Regulation, Division of Labor and Management.  (Docket 6-1 at p. 1) (Insurer identified in the caption as "Charter Oak Fire Insurance Company") (some capitalization omitted).

Pursuant to Rule 15, the court finds the defendants having "received notice of the action . . . will not be prejudiced in defending on the merits; and . . . knew . . . that the action would [be] brought against [them], but for [the] mistake concerning the proper part[ies'] identification."  Fed. R. Civ. P. 15(c)(1)(C)(i) & (ii).  The caption of the case will be amended to identify and name the defendants as "The Travelers Indemnity Company and The Charter Oak Fire Insurance Company."

Next, Travelers Indemnity contends "the complaint's allegations are insufficient to state a claim against [Travelers Indemnity]."  (Docket 8 at p. 1).  Travelers Indemnity argues "Plaintiff makes no specific claims as to the individual defendants, but lumps them all together.  This is improper shotgun

3

pleading." Id. at p. 4.  Defendant submits "[l]umping [both] defendants together, without specifying the conduct each defendant is called upon to defend, is inadequate."  Id. at pp. 4-5.

Specifically addressing plaintiff's bad faith claim, Travelers Indemnity contends the complaint has "no allegation that [Travelers Indemnity] had any 'duty under an insurance contract.'"  Id.  Instead, defendant notes the language of the complaint alleges "a policy of insurance . . . by its terms, required *Acuity* to pay workers' compensation benefits."  Id. (emphasis in original) (referencing Docket 1 ¶ 7).

Plaintiff's response to Travelers Indemnity's motion does not address this glaring error in the complaint.  See Docket 12.  Reading paragraph seven of the complaint, it is clear the insertion of "Acuity" is a scrivener's error.  The complaint intended or should have intended to insert the word "defendants" so that the full content of the paragraph reads as follows:

> 7. At all times relevant to this action, Defendants Travelers and Charter Oak Insurance Company had in place a policy of insurance that, by its terms, required defendants to pay workers' compensation benefits to employees of RCS Construction, who were injured within the course and scope of their employment.

(Docket 1 at p. 2).

"The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without

4

notice." Fed. R. Civ. P. 60(a). The court makes this clerical correction to the record. Id.

Travelers Indemnity argues factual allegations against it "do not exist because [Travelers Indemnity] was not the insurer for the worker compensation benefits plaintiff claimed. To the contrary, the Complaint explicitly recognizes that Charter Oak—not [Travelers Indemnity]—denied the claim." (Docket 8 at pp. 5-6) (referencing Dockets 1 ¶12 & 1-1). "This is not surprising" Travelers Indemnity argues "because, [it], did not issue the insurance policy at issue. The policy was underwritten and issued by Charter Oak." Id. at p. 6 (referencing Docket 10). This is "[u]ndeniabl[e]," in Travelers Indemnity's view because

> [T]he first line of the policy in bold print identifies the insurer as "The Charter Oak Fire Insurance Company.". . . The General Section of the policy states, in relevant part, "It is a contract of insurance between you (the employer named in Item 1 of the Information Page) and us (the insurer named on the Information Page).

Id. (referencing Docket 10-1). Travelers Indemnity notes "Charter Oak was the only entity named in the petition in the underlying workers compensation case in the Department of Labor." Id. (referencing Docket 6-1). The last documentary evidence according to Travelers Indemnity is the letter "attached to the Complaint, directed to plaintiff denying the claim, specifically identified Charter Oak – not [Travelers Indemnity]." Id. at p. 6 (referencing Docket 1-1).

"[A]s a matter of law," Travelers Indemnity argues it "cannot be liable for bad faith. . . . Plaintiff has failed to 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

5

alleged.'" Id. (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

Addressing the remaining claims of plaintiff's complaint, Travelers Indemnity maintains the same position. That is, beyond the conclusory allegations the defendants engaged in conduct subjecting them to the various claims, there is no specific allegation of misconduct by Travelers Indemnity. Id. at pp. 7-9.

Plaintiff's response contends Travelers Indemnity's motion should be denied for the following reasons:

1) Charter Oak is a wholly owned subsidiary of [Travelers Indemnity];

2) [Travelers Indemnity] uses Charter Oak as a mere instrumentality, therefore, South Dakota law disregards the formal separation of the two entities;

3) Plaintiff should be afforded discovery regarding the inter-relatedness of the two entities; and

4) The allegations in the Complaint, when taken as true, defeat Defendant's motion.

(Docket 12 at p. 1).

Plaintiff addresses his discovery request first. Mr. Crow argues he has "no idea" if Travelers Indemnity's assertion "the policy was issued by Charter Oak and Charter Oak made all the decisions regarding workers' compensation benefits . . . . is accurate." Id. at p. 4. He asserts "[d]iscovery has not been conducted in any fashion in this case. . . . Only the discovery process will

6

demonstrate if [Travelers Indemnity] was completely separate from Charter Oak."
Id.

Plaintiff submits "[t]his case deals with a subsidiary company acting on behalf of its parent corporation.   [Travelers Indemnity] admits in its answer that Charter Oak is a wholly owned subsidiary. . . . The allegations in the complaint make clear that each Defendant was acting in concert with one another."   Id. (referencing Docket 6).   For this reason, plaintiff argues Travelers Indemnity "should be held liable for the acts of its subsidiary."   Id. at p. 5.

In reply, Travelers Indemnity argues "[c]entral to a claim of bad faith denial of benefits under an insurance policy is the existence of a policy that would provide insurance benefits."   (Docket 13 at p. 1) (referencing Hein v. Acuity, 731 N.W.2d 231 (S.D. 2007)).   "As a part of its motion to dismiss," Travelers Indemnity contends, it "submitted publicly-available material establishing that the entity providing workers' compensation insurance coverage to Mr. Crow's employer at the time of his claimed injury was The Charter Oak Fire Insurance Company."   Id. at p. 3 (referencing Dockets 9-1, 9-2 & 10-1).   In the view of Travelers Indemnity, these documents substantiate it had nothing to do with Mr. Crow's worker's compensation claim.   Id. at p. 4.

Defendant further argues:

Nowhere in the complaint is there an allegation that The Charter Oak Fire Insurance Company was a mere instrumentality of The Travelers Indemnity Company. . . . Nowhere in the complaint is there a claim that the separate corporate entity of The Charter Oak Fire Insurance Company would otherwise be misused, or that adhering

7

> to the rule of corporate separateness would produce injustices and inequities.

Id. at p. 7.   Travelers Indemnity contends "Plaintiff must show something more than simply a parent-subsidiary relationship.   Under South Dakota law, a corporation shall be considered a separate legal entity until there is sufficient reason to the contrary."   Id. (bold omitted) (referencing Bollwerk v. Susquehanna Corp., 811 F. Supp. 472, 477 (D.S.D. 1993)).   Travelers Indemnity submits Charter Oak "is a separate corporate entity responsible for payment of proceeds due under the policy or for liability arising out of the policy." Id. (referencing Docket 10 ¶ 6).

If plaintiff intends to advance a theory that Charter Oak "was a mere instrumentality of [Travelers Indemnity]" the defendant argues, "it would require, among other things, an allegation that [Travelers Indemnity] misused [Charter Oak] by treating it, and by using it, as a mere business conduit."   Id. at p. 8 (referencing Great West Casualty Co. v. The Travelers Indemnity Co., 925 F. Supp. 1455, 1464 (D.S.D. 1996).   The defendant argues, "this effort by plaintiff to raise new claims not pled in the complaint cannot preclude dismissal."   Id. "[B]ecause plaintiff cannot prove an essential part of his claim premised on insurance bad faith; that [Travelers Indemnity] issued a policy that could be called upon to provide benefits, or that the South Dakota Department of Labor awarded him benefits from [Travelers Indemnity][,]" defendant proposes "no additional discovery is warranted[.]"   Id. at p. 9.

8

Rule 12(b)(6) provides for dismissal if the plaintiff fail to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In evaluating Travelers Indemnity's Rule 12(b)(6) motion, the court accepts as true all of the factual allegations contained in plaintiff's complaint and grants all reasonable inferences in favor of plaintiff as the nonmoving party.  Braden v. Wal-Mart, 588 F.3d 585, 594 (8th Cir. 2009) ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ") (citing Iqbal, 556 U.S. at 663).  See also Crooks v. Lynch, 557 F.3d 846, 848 (8th Cir. 2009) (the court must review "a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the facts alleged in the complaint as true and granting all reasonable inferences in favor of the plaintiff, the nonmoving party.") (brackets omitted).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  Twombly, 550 U.S. at 555 (citations omitted).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  Iqbal, 556 U.S. at 679.  At this point in the litigation, the court is "bound to accept as true, for purposes of [a Rule 12(b)(6)] motion, the facts alleged by the plaintiff." Stephens v. Associated Dry Goods Corp., 805 F.2d 812, 814 (8th Cir. 1986).

Because the complaint references the insurance policy providing workers' compensation coverage, the policy is embraced in the pleadings.  Gorog v. Best

9

Buy Co., Inc., 760 F.3d 787, 791 (8th Cir. 2014) ("Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading.") (internal citation omitted).

The " "Workers Compensation and Employers Liability Policy" in this case is a multi-state policy providing coverage to "RCS Construction Inc."  (Docket 10-1 at p. 2) (some capitalization omitted).  The "Information Page," identifies the "Insurer" as "The Charter Oak Fire Insurance Company[.]"  Id. (some capitalization omitted).  The policy provides coverage in "NE SD."  Id.

The "NCCI CO Code" is "15318."  Id. (some capitalization omitted).  The "NCCI codes are four digit codes, produced by the National Council on Compensation Insurance, used to classify businesses for workers' compensation insurance."  https://classcodes.com/ncci-codes/ (last visited January 21, 2021).  The court has been unable to determine why the NCCI codes used in this case are five digits.  "These codes are used to collect data to help insurance companies classify and underwrite businesses for workers compensation insurance."  Id.  Each page of the extension of the information page related to Charter Oak includes the NCCI code "15318."  See, Docket 10-1 at p. 12.

The policy later identifies the insurer as "The Travelers Indemnity Company of Connecticut."  Id. at p. 9.  It is clear coverage by Travelers Indemnity is provided for the employer's business activities in the state of Nebraska by the NCCI Code designation "12637-NE."  Id.  Travelers Indemnity

10

also provided coverage for the employer's "clerical office employees" in Wyoming by the NCCI Code designation "13579-WY[.]"  Id. at p. 15.

While both insurance companies use the same terms for their policy, the endorsements outline the differences in the terms of the policy for each state. Any pages not specifically related to Nebraska or Wyoming coverage are applicable to the South Dakota policy.  For the South Dakota workers compensation coverage provided by the policy, those endorsements are located at id. at pp. 16, 28-29, 31, 34, 37, 45, 49-52, 64-66, 70-76, 78-80 & 83-85. While the policy is a multiple state–multiple insurance carrier policy, the only insurer for the South Dakota coverage is Charter Oak.

The same logic holds true with the settlement agreement and release approved by the South Dakota Division of Labor and Management.  Because plaintiff references the agreement and release in paragraphs 24 and 25 of the complaint and cites to paragraph 8 of the document, it is "embraced by the pleadings."  Gorog, 760 F.3d at 791.  The caption of the case before the Division of Labor and Management includes as the insurer only "Charter Oak Fire Insurance Company."  (Docket 6-1 at p. 1) (some capitalization omitted). Paragraph 8 of the settlement agreement and release references a reservation of any tort claim "including claims for bad faith, stemming from the manner in which Claimant's worker's compensation claim was handled[,]" against the "Insurer."  Id. ¶ 8.  Again, the only insurer identified in the settlement agreement and release is Charter Oak.  Plaintiff points to no provision of the

worker's compensation insurance policy of Charter Oak which provides South Dakota coverage to the employer and ultimately to Mr. Crow, its employee, through Travelers Indemnity.

Based on a review of the entire record, the court finds plaintiff fails to state a claim against Travelers Indemnity.  While plaintiff argues he should be allowed to conduct discovery to clarify Travelers Indemnity's role in processing of Mr. Crow's worker's compensation case, the complaint makes no specific allegation against Travelers Indemnity and he presents no evidence by which the court could find Travelers Indemnity was engaged in any activity associated with Mr. Crow's worker's compensation claim.  Plaintiff's "formulaic recitation of the elements of a cause of action" and the use of "labels and conclusions" attempting to create claims against Travelers Indemnity "will not do."  Twombly, 550 U.S. at 555.  For that reason, pursuant to Rule 12 (b)(6), the court must grant Travelers Indemnity's motion to dismiss for failure to state a claim upon which relief could be granted.

## ORDER

Based on the above analysis, it is

ORDERED that defendant The Travelers Indemnity Company's motion to dismiss for failure to state a claim (Docket 7) is granted.

IT IS FURTHER ORDERED that plaintiff's complaint (Docket 1) as it relates to The Travelers Indemnity Company is dismissed with prejudice.

IT IS FURTHER ORDERED that the caption of the case is amended to read as follows:

<u>Rex Crow, Plaintiff, vs. The Charter Oak Fire Insurance Company, Defendant.</u>

IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 60(a), that paragraph seven of the complaint shall now read as follows:

> 7. At all times relevant to this action, Defendant The Charter Oak Insurance Company had in place a policy of insurance that, by its terms, required defendant to pay workers' compensation benefits to employees of RCS Construction, who were injured within the course and scope of their employment.

Dated February 17, 2021.

                        BY THE COURT:

                        /s/ *Jeffrey L. Viken*
                        JEFFREY L. VIKEN
                        UNITED STATES DISTRICT JUDGE